HERBERT WERBLOWSKY, an Infant, by GERDA W. VAN DAM, His Guardian ad Litem, et al., Plaintiffs, *v.* MORITZ WERBLOWSKY, Defendant.*

Supreme Court, Special Term, New York County, April 21, 1947.

*Irving E. Meller, Arthur B. Colwin* and *Charles J. Coleman* for plaintiffs.

*Frederick L. Kane, Edward Q. Carr* and *Gerard C. Durr* for defendant.

HOFSTADTER, J.   Motion to amend proof of publication of the summons *nunc pro tunc* is granted.   An attachment in this case was granted on June 23, 1943.   The affidavit by the clerk of the publisher of the *Gaelic American,* on file in this action, states that publication of the summons in that paper was commenced on July 24, 1943, which is more than thirty days after the granting of the attachment.   According to the proof on the instant motion, the *Gaelic American* was in fact published on Wednesday, July 21, 1943, although the date appearing below the masthead on the front page of the paper specified the date of Saturday, July 24, 1943.

Under the power given by section 105 of the Civil Practice Act, to correct mistakes, the court can perfect or complete a record of facts so as to conform to the facts as they existed. Plaintiffs here seek to correct the record so as to show the actual facts, namely, publication on July 21, 1943, and other dates, when the newspaper was placed on public sale.   In libel actions it has been held that a newspaper or other publication is deemed

---

* Affd. without opinion 272 App. Div. 801.

published when it is actually issued and sold, irrespective of the date appearing on the front cover of the issue. (*Campbell-Johnston* v. *Liberty Magazine, Inc.*, 64 N. Y. S. 2d 659, affd. 270 App. Div. 894; *Hartman* v. *Time, Inc.*, 60 N. Y. S. 2d 209.)

The same rule should be applied here. The purpose of publication is to give notice. That notice is acquired, or can be obtained, when the publication is issued and sold. The date on the publication would ordinarily be controlling; but when, as in the instant case, the date of public sale and the date printed on the publication conflict, then the court should adopt the date of actual publication, particularly where such procedure will aid in sustaining its jurisdiction.

Settle order accordingly.